IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>RICHARD LOUIS GUAY,<br><br>　　　　　　Defendant. | CR 17-114-BLG-DLC-TJC<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING REVOCATION OF SUPERVISED RELEASE** |

A petition filed in this case alleges that Defendant violated conditions of his supervised release. Judge Christensen referred the matter to the undersigned to conduct a final hearing and issue findings and recommendations. (Doc 107.)

On September 8, 2025, the Court conducted the final revocation hearing. Defendant admitted all violations. As discussed below, it is recommended that Defendant's supervised release be revoked and that the Court sentence Defendant to 4 months imprisonment, followed by 56 months of supervised release.

**I.      Background**

In December 2017, Defendant pled guilty to conspiracy to distribute heroin, in violation of 21 U.S.C. § 846. (Docs. 53, 58.) On April 25, 2018, the Court sentenced Defendant to 70 months incarceration, followed by a term of 60 months supervised release. (Docs. 68, 70.) Defendant began his first term of supervised release on December 16, 2022.

1

On April 1, 2024, a Petition was filed alleging multiple violations of Defendant's supervised release. (Doc. 92.) Sentencing on the matter was held in abeyance (Doc. 102), and the Petition was dismissed upon the United States' motion on July 24, 2024 (Doc. 103).

On August 22, 2025, the United States Probation Office filed the Petition now at issue. (Doc. 105.) Based on the petition, Judge Christensen issued a warrant for Defendant's arrest. (Doc. 106.) Defendant was arrested, and made an initial appearance on August 27, 2025. (Doc. 108.)

The Petition was subsequently amended on September 5, 2025 (Doc. 114) and September 8, 2025 (Doc. 116). The Second Amended Petition alleges that Defendant violated 4 conditions of supervised release, and provides a brief explanation of each violation. (Doc. 116.)

## II.     **Final Revocation Hearing**

The undersigned explained the Findings and Recommendations procedure to Defendant, including his right to object to the Findings and Recommendations, and the right to appear and allocute before Judge Christensen prior to final imposition of sentence. After consenting to proceed, Defendant admitted all of the violations as alleged in the petition.

The undersigned accepted the admissions and proceeded to sentencing. The undersigned calculated that Defendant's violation grade is C, his criminal history

category is VI, and the underlying offense is a class B felony. Under those circumstances, the maximum sentence is 36 months incarceration, and the United States Sentencing Guidelines call for 8-14 months incarceration. Defendant could be sentenced to as much as lifetime supervised release. Counsel for the parties agreed with those calculations.

The United States requested a sentence of 4 months incarceration, followed by continued supervised release. Defendant's counsel requested the Court delay disposition or impose a sentence of time served.

### III. Analysis

Based on Defendant's admission to the violations of his conditions of supervised release, his supervised release should be revoked. The Court should sentence Defendant to 4 months imprisonment followed by 56 months supervised release.

The undersigned has considered all of the 18 U.S.C. § 3553(a) factors that are applicable to revocation of supervised release. With regard to the nature and circumstances of the violations, the Court notes that the violations in the present petition all relate to defendant's relapse in his use of controlled substances. In that respect, the violations are similar to the violations alleged in the first petition to revoke his supervised release filed in April 2024, which was ultimately dismissed.

3

As to the history and characteristics of the defendant, Defendant has a significant criminal history. At the time of the underlying offense, he had attained 17 criminal history points and was in a criminal history category VI. Defendant's criminal history includes convictions for burglary; fleeing from officers; two convictions for battery; three convictions for obstructing; two disorderly conduct convictions; three DUIs; domestic abuse; fraud; battery by strangulation; tampering with a witness/victim/informant; resisting arrest; and multiple traffic violations.

On a positive note, following his release from custody in this case, Defendant did well on supervision for over one year before the first revocation petition was filed. Defendant then took several positive steps to improve his situation, resulting in the first petition being dismissed. He was then again compliant with the terms of his supervision for over a year after the first petition was dismissed. During those periods, Defendant maintained employment and housing, and was able to maintain sobriety. Unfortunately, Defendant relapsed, leading to the current violations of his supervised release.

The undersigned has considered the need to afford adequate deterrence to criminal conduct and to protect the public from further crimes. Defendant's first petition to revoke his supervised release was dismissed, only to have Defendant repeat the same violations here. Dismissal of the petition was, therefore, obviously

not sufficient to deter Defendant's cycle of returning to unlawful use of controlled substances. As a result, a term of custody is necessary to make it clear to Defendant that he will be required to adhere to the terms of his supervision, and to deter future violations and protect the public from further criminal conduct.

The undersigned has also considered the need for future educational and correctional treatment. It appears that Defendant has the capacity to be a productive law-abiding member of society when he is able to maintain his sobriety. Defendant has attended previous treatment for substance abuse, but additional treatment will benefit both him and society. Therefore, a treatment condition should be included as a special condition of his supervised release.

Considering the foregoing factors, a custodial sentence is appropriate. But given this is Defendant's first revocation on this term of supervised release, and that he was able to be productive and compliant for extended periods following his release from custody, a sentence of 4 months custody, followed by 56 months of supervised release is sufficient, but not greater than necessary, to comply with the purposes of § 3553(a).

## IV. <u>Conclusion</u>

Defendant was advised that the above sentence would be recommended to Judge Christensen, and reminded of the right to object to these Findings and Recommendations within 14 days of their issuance.  Defendant was also reminded of the right to appear and allocute before Judge Christensen prior to final imposition of sentence.

Based on Defendant's admissions at the hearing, the Court makes the following **FINDINGS:**

1. Defendant violated the condition of supervised release that he must participate in substance abuse testing, as alleged in Violation No. 1.

2. Defendant violated the condition of supervised release that he must participate in substance abuse testing, as alleged in Violation No. 2.

3. Defendant violated the condition of supervised release that he must refrain from any unlawful use of a controlled substance, as alleged in Violation No. 3.

4. Defendant violated the condition of supervised release that he must not communicate or interact with someone he knows is engage in criminal activity, as alleged in Violation No. 4.

Accordingly, **IT IS RECOMMENDED** that the Court revoke Defendant's supervised release and sentence Defendant to 4 months imprisonment, followed by a term of 56 months supervised release.

**IT IS FURTHER RECOMMENDED** that the Court impose the following special conditions of supervised release:

1. You must take all medications that are prescribed by your treating physician as prescribed. You must pay the costs of the medication.

2. You must participate in an outpatient program for mental health treatment as approved by the probation officer. You must remain in the program until you are released by the probation officer in consultation with the treatment provider. You must pay part or all of the costs of this treatment as directed by the probation officer.

3. You must submit your person, residence, place of employment, vehicles, and papers, to a search, with or without a warrant by any probation officer based on reasonable suspicion of contraband or evidence in violation of a condition of release. Failure to submit to search may be grounds for revocation. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. You must allow seizure of suspected contraband for further examination.

4. You must abstain from the consumption of alcohol and are prohibited from entering establishments where alcohol is the primary item of sale.

5. You must participate in substance abuse testing to include not more than 365 urinalysis tests, not more than 365 breathalyzer tests, and not more than 36 sweat patch applications annually during the period of supervision. You must pay part or all of the costs of testing as directed by the probation officer.

6. You must participate in substance abuse treatment or alcohol abuse treatment program, which may include inpatient treatment, and follow the rules and regulations of that program. The probation officer will obtain the authorization of the Court before requiring residential or inpatient treatment pursuant to this condition. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). The program may include urinalysis testing to determine if you have used drugs or alcohol. You must not attempt to obstruct or tamper with the testing methods. You must pay part or all of the costs of this treatment as directed by the probation officer.

7. You must not purchase, possess, use, distribute or administer marijuana, including marijuana that is used for recreational or medicinal purposes under state law.

8. You must not possess, ingest or inhale any psychoactive substances that are not manufactured for human consumption for the purpose of altering your mental or physical state. Psychoactive substances include, but are not limited to, synthetic marijuana, kratom and/or synthetic stimulants such as bath salts and spice.

9. You must not use or possess any controlled substances without a valid prescription. If you do have a valid prescription, you must disclose the prescription information to the probation officer and follow the instructions on the prescription.

10. You must utilize one primary physician and one pharmacy to prescribe, dispense, and monitor all necessary prescription medication. If you have a valid prescription, you must follow the instructions on the prescription. You must notify any treating physician or facility of a history of substance abuse. You must allow third-party disclosure to any treating physician or facility regarding any history of substance abuse.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). Judge Christensen will make a *de novo* determination regarding any portion of the Findings and Recommendations to which objection is made. Judge Christensen may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Regardless of whether objections to the Findings and Recommendations are made, Defendant has the right to appear and allocute before Judge Christensen, prior to the Court's action on the Findings and Recommendations. *United States v. Gray*, 905 F.3d 1145, 1149 (9th Cir. 2018).

DATED this 8th day of September, 2025.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge